IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CASE NO. 1:11 CV 1978 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOHN KASICH, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] is the *pro se* petition of Michael C. Tierney for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Co-respondent[3] Mike DeWine, Attorney General of Ohio, argues in the return of the writ that the petition should be dismissed for lack of jurisdiction, alleging that Tierney was not in custody for either his original 2000 Ohio conviction, or his 2002 re-sentencing, at the time the petition was filed.[4] The State has supplemented its argument for dismissal for lack of jurisdiction in a filing[5] made under my order in that

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin by marginal entry order dated December 27, 2011.

[2] ECF # 1.

[3] As was noted in a prior order (ECF # 32), where a petitioner challenging an Ohio conviction is presently incarcerated outside of Ohio, the proper respondents to a habeas petition are the persons having immediate custody of the petitioner and the Ohio Attorney General. Because Tierney is now incarcerated in Sarasota County, Florida, on a conviction not related to the one at issue here, the proper co-respondents would be the Ohio Attorney General and Sheriff Thomas Knight of Sarasota County Florida.

[4] ECF # 12.

[5] ECF # 33.

regard.[6] Tierney has responded to the State's supplemental brief,[7] asserting that he was in custody as a result of the Ohio conviction because that conviction enhanced the sentence he received on a Florida conviction.

In addition, Tierney has filed new motions for appointment of counsel,[8] for copies of the entire record,[9] and to amend the petition.[10] The State, in turn, has responded by agreeing to the proposed amendment to the petition[11] but opposing the appointment of counsel.[12] Tierney has replied to the State's opposition to the motion for appointment of counsel[13] and has filed a submission requesting "immediate" action on his petition.[14]

In my order of May 9, 2013, I directed the State to provide supplemental briefing to clarify the basis for dismissing Tierney's petition, with Tierney then to make any responsive

---

[6] ECF # 32.

[7] ECF # 35.

[8] ECF ## 39, 46. Prior motions for appointment of counsel (ECF ## 9, 24) were denied (ECF ## 15, 25).

[9] ECF # 41. A prior motion to obtain copies of the entire record (ECF # 21) was denied without prejudice (ECF # 22).

[10] ECF # 42. Prior motions to amend (ECF ## 28, 31) were denied in one instance (ECF # 30) and granted in another (ECF # 32).

[11] ECF # 43.

[12] ECF # 44.

[13] ECF # 45.

[14] ECF # 40.

filing.[15] As noted, the State has submitted such a supplemental brief which observes first that Tierney's 2011 petition challenges his 2000 conviction in Cuyahoga County Common Pleas Court for which he was sentenced to 30 months in prison.[16] But, the State continues, after an Ohio appeals court remanded the matter for re-sentencing, Tierney was re-sentenced to a term of only 17 months.[17] By virtue of that new, shorter sentence, and as a result of being credited with time served during the pendency of the appeal and re-sentencing process, Tierney was ordered released on June 13, 2002, subject only to any outstanding warrants or orders of the parole board.[18] Because there were no such warrants or orders, Tierney was no longer in custody – *i.e.*, incarcerated or subject to parole supervision – for the offense he now complains of as of June 13, 2002.[19] Thus, the State maintains, Tierney was not "in custody" for that 2000 conviction, even as it includes the 2002 re-sentencing, on the date he filed the present petition in 2011.[20]

Tierney, while appearing to implicitly accept both the State's chronology of events and its statement of the general rule as to when a petitioner is "in custody" for an offense so as to vest this Court with jurisdiction over a habeas petition, argues nonetheless that

---

[15] ECF # 32.

[16] ECF # 33 at 1-2.

[17] *Id.* at 2 (citing record).

[18] *Id.*

[19] *Id.*

[20] *See*, ECF # 1.

jurisdiction over the 2002 Ohio conviction and re-sentencing exists because a collateral consequence of that conviction on his record was the enhancement of his current sentence in Florida.

Judge Gaughn stated the general rule concerning when a petitioner is "in custody" so as to vest a federal habeas court with jurisdiction over the petition:

> A federal court has jurisdiction to grant a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 where the petitioner is "in custody pursuant to the judgment of a State court." *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir.2001). The petitioner must be "in custody" under the conviction or sentence at issue at the time the *habeas* petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). A petitioner is not "in custody" when, at the time the *habeas* petition is filed, the sentence imposed for petitioner's conviction has fully expired. *See id.*, at 492. Further, once the sentence imposed for a conviction has expired, the "collateral consequences" of that conviction are not themselves sufficient to render an individual in custody for the purposes of a *habeas* attack. *Id.*[21]

In addition, I further note that the Supreme Court in *Maleng v. Cook* has specifically rejected the same argument advanced here by Tierney:

> [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it....
>
> While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide ... for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it

---

[21] *Bowling v. Holland*, No. 1:11 CV 492, 2011 WL 5024170 (N.D. Ohio Oct. 20, 2011).

was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee, supra.*[22]

The uncontested fact is that Tierney's Ohio sentence was completely expired as of 2002, and so at the time he filed the present petition for federal habeas relief in 2011 he was no longer "in custody" for that conviction so as to confer jurisdiction over a federal habeas court.

Accordingly, for the reasons stated, I recommend dismissing the petition in its entirety.[23]

Dated: February 27, 2014          s/ William H. Baughman, Jr.
                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[24]

---

[22] *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[23] Such a dismissal would obviously moot all pending motions.

[24] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).