UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
MICHAEL C. TIERNEY,                              :
                                                 :    CASE NO. 1:11-CV-01978
            Petitioner,                          :
                                                 :
vs.                                              :    OPINION & ORDER
                                                 :    [Resolving Docs. 39, 41, 42, 46, 47, 48, 50,
                                                 :    and 51]
JOHN KASICH, Governor,                           :
                                                 :
            Respondent.                          :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Michael C. Tierney filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Respondent says the petition should be dismissed for lack of jurisdiction.[2] Before the Court is Magistrate Judge Baughman's Report and Recommendation recommending that the Court dismiss Tierney's petition in its entirety.[3] For the reasons stated below, the Court **ADOPTS** the Report and Recommendation and **DISMISSES WITH PREJUDICE** the petition.[4]

To invoke a federal district court's jurisdiction to review a petition for a writ of habeas corpus, a petitioner must be "a person *in custody* pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States."[5] The petitioner must be *in custody* under the conviction or sentence at issue at the time the habeas petition was filed.[6] A petitioner is not *in custody* after the petitioner's sentence has been fully discharged merely because

---

[1] Doc. 1.
[2] Doc. 12.
[3] Doc. 47.
[4] Because Petitioner Tierney's petition is dismissed with prejudice, his motions for appointment of counsel, motion for copies of the entire record, and motions to amend the complaint are moot.
[5] 28 U.S.C. § 2254(a) (emphasis added).
[6] *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

Case No. 1:11-CV-01978
Gwin, J.

the prior conviction was used to enhance the sentence imposed for a subsequent crime.[7]

In 2000, Petitioner Tierney was convicted in Ohio state court for theft, safecracking, and breaking and entering. He was sentenced to 30 months.[8] After his direct appeal, on June 13, 2002, Tierney was re-sentenced to 17 months.[9] As a result of his shorter sentence and credit for time served, Tierney was released subject to any outstanding warrants or orders from the parole board.[10] On September 20, 2011, Petitioner Tierney filed his *pro se* petition for habeas corpus under 18 U.S.C. § 2254 challenging his 2000 conviction because that conviction enhanced the sentence he received in Florida.[11]

Thus, Tierney was not "in custody" at the time of filing the instant petition for purposes of federal habeas corpus under 28 U.S.C. § 2254(a) for either the 2000 original judgment of conviction or the 2002 re-sentencing judgment of conviction. Accordingly, the petition should be dismissed

The Court notes that Petitioner Tierney's reliance on *Lackawanna County. Dist. Attorney v. Coss* is misplaced.[12] In this case, the Supreme Court held a prisoner is "in custody" for habeas jurisdiction when a § 2254 petition asserts a challenge to a *present* sentence that was enhanced by an allegedly invalid prior conviction.[13] Here Petitioner Tierney does not challenge his *present* sentence. Rather he challenges his *past* sentence imposed in 2000. Thus, this case is inapplicable.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the

---

[7] *Id.* at 492.
[8] Doc. 1.
[9] Doc. 12 at 6.
[10] "Respondent was unable to locate any period of parole supervision stemming from Tierney's 2002 re-sentencing. Even if there were a period of parole supervision from that judgment of conviction, such supervision period could not exceed a period of 5-years. Thus, any period of parole supervision would have expired in 2007, well-before the filing of the instant habeas petition." *Id.* n. 3 (internal citation omitted).
[11] Doc. 1.
[12] *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001).
[13] *Id.*

Case No. 1:11-CV-01978
Gwin, J.

recommendations of Magistrate Judge Baughman, and **DISMISSES WITH PREJUDICE** the petition. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[14]

    IT IS SO ORDERED

Dated: April 2, 2014          *s/     James S. Gwin*
                                                            JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

---

[14] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).